IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VMEDEX, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-1662-MN |
| ) | |
| TDS OPERATING, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The Court has entered an Order assigning me to serve as a special master to hear and decide discovery disputes in this litigation. (D.I. 102). Before me is a motion to compel filed by defendants (together, "TDS") on October 6, 2021. (D.I. 103). Plaintiffs (together, "vMedex") oppose.

During a hearing conducted without a court reporter on October 6, 2021, pursuant to all parties' written agreement, the parties agreed to an abbreviated briefing schedule for this motion. Each side filed a letter brief outlining their positions. TDS, the movant, did not include a certificate of reasonable efforts as required by Local Rule 7.1.1.[1] I have reviewed the parties' papers in detail and do

---

[1] At the parties' joint request, the discovery dispute procedures order does not require a verbal meet and confer. D.I. 104, ¶1. Not requiring a verbal meet and confer, however, does not necessarily mean that a single exchange of emails— which is what appears to have occurred in connection with these disputes (TDS

not believe oral argument is needed to decide the issues presented. This memorandum sets forth the reasons for my decision on the motion.

Issue No. 1 – Form of plaintiffs' document production.

Plaintiffs' document production consists of multiple documents from multiple custodians merged into a single 2,281 page PDF. The TDS motion seeks an order requiring:

- each party (defined in the proposed order as (i) vMedex and Neuron, (ii) Mr. Nixon, and (iii) Mr. Grosso) to make their "own production of documents" (D.I. 103, Proposed Order ¶1(a));

- Production in PDF format of all documents except Excel spreadsheets, with any documents related to one another (*e.g.*, emails and their attachments) as a single pdf (*id* ¶1(b); and

- Production of Excel spreadsheets in native form (*id.*).

vMedex argues that these requests are "generally form over substance" and that 90% of the documents were provided by a single custodian. (vMedex Letter Brief at 1).[2]

---

Letter Brief, Exhs. D and E)—constitutes reasonable efforts to resolve an issue in dispute. Moving forward, all parties should ensure that they have made objectively reasonable efforts toward resolving discovery issues and make the required certification in future motions.

[2] vMedex's letter brief also argues that I should not require plaintiffs to produce metadata generally, but apart from the above neither TDS's letter brief nor their proposed order seeks metadata.

TDS relies on Federal Rule of Civil Procedure 34(b)(2)(E)(i) and the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information (the "Default Standard"), which is incorporated into the Scheduling Order (D.I. 62, ¶1). Rule 34(b)(2)(E)(i) states:

> A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

Default Standard ¶5(e) likewise requires that electronically stored documents, such as email, be produced with familial information to connect a primary document with its attachments.

A single 2,281 page PDF consisting of multiple documents from multiple custodians does not meet either standard. There are many practical reasons and benefits for the rule; plaintiffs' answering letter does not explain why those reasons and benefits are outweighed by the facts and circumstances of this litigation. I will grant this portion of the motion and require plaintiffs to produce each document as a single PDF, in a manner that preserves the familial relationship of the documents to each other.

With regard to the custodian of 90% of the plaintiffs' production, if the custodian possessed only a single PDF, then production of a single PDF of those documents will satisfy the rule. If not, this custodian's documents should be produced as the custodian kept them in the usual course of business.

With regard to identification of document production by party, I also will grant that portion of the motion. That said, I leave it to plaintiffs on implementation. If, for example, identification by existing Bates range of the documents kept by each custodian is preferable, that approach meets the text and purpose of the Rule 34 and the Default Standard, and no purpose would be served by requiring new Bates numbering as sought in defendants' proposed order.

Last, Default Standard ¶5(d) directs that file types "not easily converted to image format", like Excel files, should be produced in native format. Plaintiffs make no argument that they should not produce Excel files "kept in the usual course of business" as native Excel files in this litigation. I will grant this request.

## Issue No. 2 – Privilege Logs

Defendants' motion seeks a privilege log that "identifies the document or portion of the document withheld and describe[s] the factual basis for the claim of privilege or work product." (D.I. 103, Proposed Order ¶3). Plaintiffs' answering letter asserts that no documents were withheld on the basis of attorney-client privilege and that the redactions in the document production arise from legal advice concerning a tax matter unrelated to this litigation. (vMedex Letter at 2).

Federal Rule of Civil Procedure 26(b)(5)(A)(ii) provides that a party withholding "information otherwise discoverable" under privilege or other immunity from discovery must:

> describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The Rule does not require a specific format for these disclosures, giving litigants latitude to provide the description mandated by Rule 26(b)(5)(A)(ii) in a form that best suits the needs of a particular matter. *See*, *e.g.*, Notes of Advisory Committee on Rules—1993 Amendment ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection."). Thus, depending on the facts and circumstances of a particular matter, a traditional privilege log (describing who sent, received, and was copied on a document, along with its format and the basis for withholding) may be needed, or something less may suffice, including a writing that provides the information required by Rule 26 for a group or groups of documents.

Plaintiffs have stated that no responsive documents were withheld in their entirety on the basis of the attorney-client privilege, making this portion of the motion moot. Plaintiffs do not state whether documents were withheld on the basis of the work product doctrine; if there were such documents, they should be included in a disclosure under the Rule 26(b)(5)(A)(ii). As to the documents with redactions, plaintiffs' answering letter sets forth the subject matter of the redacted material. I will order plaintiffs to provide this information and any additional information required to satisfy Rule 26(b)(5)(A)(ii) in writing.

Issue No. 3 – Details of Plaintiffs' Document Production Process

In paragraph 3 of their proposed order, defendants ask that I enter an order directing plaintiffs to:

> Explain what efforts were made to search for and collect documents, including the custodians; (ii) the method(s) used to collect documents; and (iii) the search terms (if any) used to identify responsive documents . . .

Defendants' letter states that the "paucity of individual documents . . . raises concerns" about plaintiffs' document collection efforts. (TDS Letter Brief at 4).

Defendants do not provide any factual bases to support this assertion, do not point to a discovery request that requires this explanation, and do not identify a rule that permits me to require such a disclosure upon a motion to compel. *Compare* Fed. R. Civ. P. 37(a)(3). Plaintiffs, for their part, do not respond to this portion of the motion. At this point, on this record, I will deny this portion of the motion.

An implementing order is attached.

Dated: October 8, 2021

_____
Special Master