IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VMEDEX, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1662-MN |
| | ) | |
| TDS OPERATING, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The Court has entered an Order assigning me to serve as a special master to hear and decide discovery and protective order disputes in this litigation. (D.I. 102). Before me is plaintiffs' (together, "vMedex") October 6, 2021, letter arguing that no protective order is warranted because the existing contractual confidentiality agreements suffice to protect defendants' confidential information. Defendants (together, "TDS") opposed on October 13, 2021, and included a proposed form of protective order with their submission. I have reviewed the parties' papers in detail and do not believe oral argument is needed to decide the issues presented. VMedex also has filed a motion to stay discovery pending resolution of the protective order dispute. D.I. 108. This memorandum sets forth the reasons for my decisions on these motions.

<u>Is a protective order warranted?</u>

In the absence of a protective order, Local Rule 26.2 applies by default to documents any party deems to be confidential.  Local Rule 26.2 states:

> If any documents are deemed confidential by the producing
> party and the parties have not stipulated to a confidentiality
> agreement, until such an agreement is in effect, disclosure shall
> be limited to members and employees of the firm of trial
> counsel who have entered an appearance and, where
> appropriate, have been admitted *pro hac vice*.  Such persons are
> under an obligation to keep such documents confidential and to
> use them only for purposes of litigating the case.

I understand that defendants deem at least part of their document production to be confidential and have, accordingly, made their production under this rule.

If no party applied for a protective order within the timeframes set by the Scheduling Order, ¶3, and the parties did not enter into a confidentiality stipulation as contemplated by Local Rule 26.2,  Local Rule 26.2 applies until ordered otherwise.  vMedex recognizes this, as it agreed that Local Rule 26.2 applies until this dispute is resolved.  (vMedex Letter at 1 ("the entire defense production is thus considered 'attorneys' eyes only' until such time as this discovery dispute is resolved")).

vMedex's letter nonetheless opposes entry of a formal protective order, while recognizing that some variation in Local Rule 26.2's procedures to protect confidential information is warranted.  (vMedex Letter at 8 ("we believe that due to the excessive lateness of the request, no protective order is warranted, except the

directive that the parties and their counsel continue to follow the contractual confidentiality agreements that have been honored for years").

But vMedex's request to vary the Local Rule to allow client access to documents produced by defendants is itself an application for an "order specifying terms and conditions for the disclosure of confidential information"—the definition of a "protective order" in the Scheduling Order, ¶3.  (*See also* vMedex Letter at 2 ("Despite the foregoing [timeliness] objection, Plaintiffs are pragmatic and acknowledge that reasonable and practical restrictions may be warranted in order to provide for the orderly prosecution of this case")).  TDS also seeks entry of an order that changes the default Local Rule, and, by doing so, does not demand attorneys' eyes only treatment of defendants' entire documents production.

The special master referral order further authorized me to "manage discovery, including any current or future protective order and discovery disputes." (D.I. 102, ¶1 (emphasis added)).  The special master referral order thus appears to contemplate resolution of a dispute of the nature presented here.  For all of these reasons, good cause exists for entry of a protective order.

### What is the appropriate form of protective order?

vMedex promised to provide a draft protective order by close of business on October 7 "if the Special Master is inclined to Order a late protective order." (vMedex Letter at 8).  During a hearing conducted without a court reporter on

October 6, 2021, pursuant to all parties' written agreement, the parties briefly

discussed the protective order issues.  After the hearing, I sent an email to the

parties, summarizing the path forward from the hearing.  That email stated in

relevant part:

> Protective Order:  The defense will make a submission of even
> length to the submission received from plaintiffs this
> morning.  The submission should include a proposed form of
> protective order that, where there is a dispute, contains
> competing proposals from each side.

Defendants' submission included a proposed form of order modeled on a

form of order previously shared between the parties.  Defendants states that it did

not receive counterproposals from vMedex.  I did not receive a draft protective

order or competing proposals from vMedex.

Defendants' submission states that there are two disputes between the

parties—post-litigation document retention and client access to defendants'

document production.  The majority of plaintiffs' October 6 letter discusses the

same subjects.  The meet and confer correspondence in the record is consistent.  I

therefore find these are plaintiffs' only area of objections to defendants' proposed

form of protective order.

On the post-litigation document retention issue, defendants propose to allow

counsel of record to "retain one copy of Defendants' document production,

including documents marked 'Confidential,' but not any document marked AEO."

Plaintiffs' letter asserts that the New Jersey and New York rules of professional responsibility require counsel to retain all litigation records for seven years and indicates that at least one attorney of record for plaintiffs is subject to these rules. (vMedex Letter at 7). TDS disputes this assertion. (TDS Letter at 4).

Resolution of this dispute is unnecessary. It is common in this district for protective orders to allow counsel of record to retain a full copy of the litigation record. There appears to be no harm from such a provision in this litigation, and defendants' letter identifies no risk of improper use or disclosure of even highly confidential documents by counsel of record during or after the litigation ends. To reinforce this, the draft proposed by defendants ensures that the archival copy maintained by counsel of record for the parties remains subject to the protective order. Further, the draft order requires the litigants to return or destroy any copies (whether paper or electronic) in the possession of anyone other than counsel of record, and, to ensure compliance, the draft requires counsel of record to certify completion of the return or destruction tasks. (TDS Letter, Exh. A ¶13).

I will enter a revised version of paragraph 13 of defendants' proposed protective order reflecting this ruling.

On client access, the parties' letters are not completely clear as to what is in dispute. Defendants assert that only two documents in its document production require a Highly Confidential designation. Plaintiffs appear to argue that there

should be no restrictions on who, for plaintiffs, sees defendants' documents and argues that the parties' contractual agreement is sufficient to protect the defendants' interests.  Plaintiffs do not contest, however, that the documents at issue warrant some form of confidential protection. at 6

As a general matter, it is well-recognized in this district that litigants are entitled to know what is happening in litigation they are involved in.  *Ineos Fluor Americas LLC v. Honeywell Int'l Inc.*, C.A. No. 06-189-SLR, Transcript at 6 (D. Del. Jan. 18, 2007) ("absent extraordinary circumstances, every client is entitled to have one representative who actually knows what is going on in the litigation and that they are not bound by simply listening to their lawyers give them their representations about what is going on with litigation.").

Defendants' proposed protective order recognizes this, and permits each party to the litigation to access any document marked Confidential.  (TDS Letter, Exh. A ¶7.2(g)).  Defendants do not argue that any particular party be denied such access.  This proposal is reasonable and gives each party the ability to know what is going on in the litigation.

Plaintiffs' letter argues that a broader group of witnesses should have access to all documents.  (vMedex Letter at 4).  Plaintiffs' concern is that knowledge of various facts is distributed among different persons, and that plaintiffs need to consult with persons who have knowledge about the documents produced in the

litigation.  *Id.*  The draft protective order permits  "the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information" to access documents marked Confidential. (TDS Letter, Exh. A ¶7.2(f)).  This provision appears to satisfy plaintiffs' concerns, while not allowing the distribution of a confidential document to persons who previously had never seen the document.

Defendants' letter states that only two documents need to be designated Highly Confidential – Attorneys' Eyes Only.  I will hold them to this representation.  Defendants state that the first document, labeled TDS_000896, pertains only to Messrs. Grosso and Nixon and agree that this document may be viewed by Messrs. Grosso and Nixon.  Plaintiffs make no particularized argument as to this document.  I therefore agree that this restriction is appropriate.

The second document, labeled TDS_000897, is a document that from the submissions appears to pertain to the entity plaintiff.  Defendants' propose that only one corporate representative have access to this document (to be selected by the entity plaintiff) and, further, that none of three specified individuals be given access.  I agree that the first portion of the proposal is appropriate.

As to one of the three individuals, Mr. Cozzarelli, defendants state that "Mr. Cozzarelli would have no first-hand knowledge of the information in the document."  (TDS Letter at 3).  But first-hand knowledge of a particular document

is not a normal pre-requisite for a corporate representative.  A corporate representative is, instead, an employee, officer, or director of a litigating entity who needs to understand the full scope of the litigation in order to guide business decisions about the litigation.  I do not believe Mr. Cozzarelli should be excluded from this list on grounds he had no knowledge of a particular document.

As to the second individual, Mr. Wickman, defendants state that he is not affiliated with any plaintiff.  As such, he is not an appropriate corporate representative.  As to the third individual, Mr. Grosso, defendants state that they have concerns that Mr. Grosso has in the past breached a written confidentiality agreement.  Defendants have not brought a claim in this litigation making this assertion.

I am not prepared, on the basis of the materials presented here, to agree or to disagree with these concerns.  Further, defendants do not appear to contest Mr. Grosso's ability to view confidential information because he is a party to the litigation.  While not entirely clear, proposed paragraph 7.1.3(b) also appears to recognize that each party (including Mr. Grosso) is entitled to access any documents produced as Highly Confidential.  I therefore do not believe Mr. Grosso should be excluded from this list if he otherwise meets the criteria to serve as a corporate representative.

I have reviewed the balance of the order.  Paragraph 12.4, concerning use of Protected Material in court filings, is inconsistent with the District of Delaware CM/ECF procedures for filing confidential information.  I have modified this paragraph to permit the parties to file confidential information pursuant the District of Delaware's CM/ECF procedures for sealed filings.  I have verified that the protective order provision required by Judge Noreika are included, and made one minor change to comply with the Court's required language.

I will enter the protective order submitted by defendants, with the changes discussed above.

<u>Other matters.</u>

Plaintiffs have filed a motion to stay discovery pending disposition of the protective order on October 12.  (D.I. 108).

Plaintiffs assert prejudice due to delays in resolution of this dispute.  My review of the record provided by the parties shows that the timing of the protective order decision and any resulting prejudice is not entirely driven by defendants. Plaintiffs agreed to a five business day response period to any motion submissions, as embodied in the procedures order, despite knowing this dispute was pending; defendants filed their response yesterday, on the fifth day.  Plaintiffs volunteered to submit last week a competing protective order proposal, but did not.  Defendants' protective order proposals, while not adopted entirely, were well within the

mainstream.  It appeared at the October 6 hearing that an amicable resolution to the protective order dispute was within reach if the parties continued to negotiate and, in particular, spoke live.  The parties' correspondence expressly discussing the protective order provisions (as opposed to ancillary issues) nonetheless appears to have ended several days before plaintiffs filed this motion.  Neither party appears to have initiated a verbal discussion.

Now that the protective order issues are resolved, I will deny this motion as moot.  The parties should cooperate with all reasonable requests to ensure that all discovery is completed by the existing deadlines set by Judge Noreika.

An implementing order is attached.

Dated:  October 14, 2021

_____
Special Master